## No. 728
### STATE ex v. HAUSER, etc.
Ohio Appeals, 1st Dist., Hamilton County
Decided July 10, 1924

**187. BUILDINGS.**

1. City billboard ordinance not limited to certain specified structures.

2. Applies to billboards on buildings.

3. Cincinnati billboard ordinance held valid.

**747. MANDAMUS.**

Writ does not lie to compel city building commissioners to issue permit for billboard erection until realtor performs prerequisite steps.

BUCHWALTER, J.
Epitomized Opinion
Published Only in Ohio Law Abstract

This is an action in mandamus to compel the Cincinnati building commissioner to issue a permit for the erection of a billboard. The billboard in question was to be erected on the rear of a 75-foot lot. The ordinance regulating billboards provides: "It shall be unlawful . . . to . . . erect or construct any billboard . . . in any block on any public street . . . , without first obtaining the consent in writing of the owners . . . owning a majority of the frontage of the property on both sides of the street in the blocks." The written consent of the property owners was not obtained. In refusing a mandamus, the court held:

1. Mandamus will not lie to compel the commissioner to issue a permit for the erection

## STATE COURT OF APPEALS—Continued

of a billboard where the erector has not complied with all the conditions precedent as required by the ordinance.

2. The ordinance in question is not limited in its application to billboards to be erected at any certain distance from the street.

3. The provisions of the ordinance are applicable to billboards erected on buildings as well as those erected on lots.

4. Sections 345-E, 345-G and 455-B of the Cincinnati building Code, known as the billboard ordinance, are a valid exercise of the police power of the city.

Attorneys—I. L. Huddle and A. C. Fricke, for Morton; Saul Zielonka, Landon L. Forchheimer and Max M. Schiff, for Hauser; all of Cincinnati.